UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X

JERMAINE DUNBAR,

        Petitioner,

        - against -

MICHAEL J. ALLARD,

        Defendants.

------------------------------------------------X

05 Civ. 1824 (TPG) *(TS)*

Opinion

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/16/05

This is a petition for a writ of habeas corpus, brought under 28 U.S.C. §2254. Petitioner appears *pro se* and is presently incarcerated in the Franklin Correctional Facility.

Petitioner challenges his conviction in New York Supreme Court, New York County. He alleges that his sentence was based on a finding that he was a second felony offender, and that this finding was invalid because the first matter involved a youthful offender adjudication.

**FACTS**

On April 3, 1995, having pled guilty, petitioner was convicted on three counts of robbery in the first degree, and was sentenced to three concurrent 7½-to-15-year terms of imprisonment. Petitioner did not directly appeal from the conviction. However, on January 7, 2004, he

filed a motion in the trial court to set aside his sentence under N.Y. Crim. Proc. Law §440.20. The basis for the motion was the same argument petitioner makes in the present federal court petition. The state court motion was denied on June 23, 2004. Petitioner sought leave to appeal to the Appellate Division, First Department. This was denied on August 31, 2004. Petitioner then sought leave to appeal to the New York Court of Appeals. This was denied on October 19, 2004.

Petitioner's original federal court petition was received in the Pro Se Clerk's office of this court on January 13, 2005. By order dated February 4, 2005, Chief Judge Mukasey gave petitioner notice that there were certain possible problems with the petition. One of these was the possibility that the petition might be time-barred. The order set out the applicable statute of limitations, and contained a lengthy discussion of certain features of that statute. The order gave petitioner the opportunity to file an amended petition demonstrating why the case should not be dismissed as time-barred.

An amended petition was filed on February 24, 2005. Because of certain remaining issues regarding the statute of limitations, petitioner was given the opportunity to file a second amended petition, which he did on April 7, 2005. It contains the following statement under the heading "Timeliness of Petition":

> Petitioner has been researching my transcripts, etc. in the period of time I've been incarcerated. It took many years for me to learn and know that I was sentenced under an illegal sentence which should be modified by the courts heretofore. I should be held accountable for what I knew not for what I don't know. In addition to being in transit in the early stages of my incarceration, that also hindered me from having the adequate time to study, or a feasible environment to fully respond back in a timely fashion. That's the honest truth to why I haven't filed my original petition on time.

This case was transferred to the undersigned judge on April 29, 2005.

## DISCUSSION

A district court has the authority to raise *sua sponte* the issue of the statute of limitations in connection with a habeas corpus petition. Acosta v. Artuz, 221 F.3d 117, 122-124 (2d Cir. 2000).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains a one-year statute of limitations applicable to habeas corpus petitions of state prisoners. 28 U.S.C. §2244(d). This provides in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute became effective April 24, 1996.

The orders sent to petitioner by Chief Judge Mukasey discussed the legal rules applicable to subsections (d)(1)(A) and (d)(2) and certain judicial decisions relating to those provisions. But the orders did not discuss subsection (d)(1)(D). There is an issue, which will be discussed hereafter, as to whether petitioner should be given notice of an opportunity to present any facts or argument under subsection (d)(1)(D). However, it is first necessary to set forth the law applicable to subsections (d)(1)(A) and (d)(2), which were the subject of the orders given to petitioner.

The pertinent rules are as follows. Prisoners, whose convictions became final prior to the Act's effective date of April 24, 1996, had a one-year grace period in which to file their habeas corpus petitions, or until April 24, 1997. Smith v. McGinnis, 208 F.3d 13, 15 (2d Cir. 2000); Ross v. Artuz, 150 F.3d 97, 102-103 (2d Cir. 1998).

Courts may exercise their equitable powers to toll the one-year statute of limitations contained in Section 2244(d) or the grace period. Smith v.

McGinnis, 208 F.3d at 17. In order for equitable tolling to apply, the petitioner must show (i) that extraordinary circumstances prevented him from filing his petition on time and (ii) that petitioner acted with reasonable diligence throughout the period he seeks to toll. Smith v. McGinnis 208 F.3d at 17; Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d. Cir. 1996).

Subsection (d)(2) contains an express tolling provision that applies to both the statute of limitations and the one-year grace period. The applicable period is tolled during the time when a properly filed state relief application is pending. But such a state application does not restart a limitation period once such period has expired. Scarola v. Kelly, No. 99 Civ. 4704 (HB), 2001 WL 849449, at *3 (S.D.N.Y. July 27, 2001); Coleman v. Miller, No. 99 Civ. 3981 (RR), 2000 WL 1843288, at *6 (E.D.N.Y. Oct. 16, 2000).

Petitioner's judgment of conviction became final on May 3, 1995, when the 30-day period expired in which he could have directly appealed the judgment of conviction. N.Y. Crim. Proc. Law § 460.10(1); Bethea v. Girdich, 293 F.3d 577, 578-579 (2d Cir. 2002). This was before the effective date of the statute of limitations, April 24, 1996. Petitioner had a one-year grace period from that date to file his petition for habeas corpus relief. This grace period expired April 24, 1997. Petitioner did not file his petition until February 4, 2005.

Contrary to petitioner's assertion in his first amended petition, the pendency of petitioner's §440.20 motion and his subsequent efforts to seek

review did not statutorily toll the grace period under subsection (d)(2), since that state court motion was not made until January 7, 2004, well after the April 24, 1997 cut-off date.

However, there is a question about whether petitioner was entitled to have the one-year grace period equitably tolled. Before dealing with this issue, it is necessary (as indicated earlier in this opinion) to discuss subsection (d)(1)(D), which provides that the limitation period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." If the date referred to in this provision occurred after the date on which the judgment became final, the one-year limitation period would commence on that later date. As earlier described, the orders sent to petitioner giving him notice of the issues, did not discuss the possible application of subsection (d)(1)(D). This raises the question of whether there should be a new notice to petitioner giving him an opportunity to argue for the applicability of subsection (d)(1)(D). The court concludes that such additional notice is not necessary.

The basis for the present habeas corpus petition is the contention that petitioner was improperly sentenced as a second felony offender, whereas the first alleged felony was merely a youthful offender adjudication. The court voices no view on the merits of this contention. However, it would appear certain that petitioner knew at the time of the judgment he now challenges about the <u>fact</u> of the youthful offender adjudication he relies on, if that was

indeed the fact. In any event, petitioner surely could, in the exercise of due diligence, have ascertained that fact in less than a period of several years. There is, therefore, no legitimate issue under subsection (d)(1)(D).

The remaining question is whether petitioner has provided any basis for a ruling that the one-year grace period was equitable tolled.

In order for there to be a sufficient amount of tolling to make his petition timely, petitioner would need to have the grace period tolled for a period of almost 8 years - that is, from April 1996 (the normal commencement of the grace period) until sometime in early 2004. If by virtue of equitable tolling, the one-year grace period started to run in early 2004, the present petition, filed in January 2005, would come within that one-year grace period.

The part of petitioner's submission most relevant to equitable tolling is the following sentence:

> It took many years for me to learn and know that I was sentenced under an illegal sentence which should be modified by the courts heretofore.

As stated earlier, the court believes that if it was true that petitioner's earlier conviction was not a felony conviction, that fact must have been known to petitioner at the time of sentence, or at the very least, should have been known within a short time thereafter. As to the *legal significance* of that fact, if it was a fact, the court cannot accept the

proposition that it "took many years" - here almost 8 years - for petitioner to find out the applicable law. At the very least due diligence would have revealed the applicable law at *some* earlier point.

For the foregoing reasons, the court holds that the present petition for a writ of habeas corpus was not filed within the time prescribed by 28 U.S.C. § 2244(d)(1), and that there has been no equitable tolling of the period allowed.

SO ORDERED.

Dated:    New York, New York
           August 16, 2005

                                   THOMAS P. GRIESA
                                   U.S.D.J.